UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS L. WILLIAMS,<br><br>                              Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                            Defendants. | Case No. 3:20-cv-00223-RFB-BNW<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court is Plaintiff Thomas L. Williams's Motion for Temporary Restraining Order (ECF No. 9) and identical Motion for Preliminary Injunction (ECF No. 10). For the following reasons, the Court denies both motions.

## II.  PROCEDURAL BACKGROUND

Plaintiff, who is currently incarcerated and under the custody of the Nevada Department of Corrections, ("NDOC") filed his complaint and application to proceed in forma pauperis on April 9, 2020. ECF No. 1. The Court screened the operative amended complaint on July 15, 2020. ECF No. 7. Plaintiff filed his motions for temporary restraining order and motion for preliminary injunction on August 3, 2020. ECF Nos, 9, 10.

## III.  FACTUAL BACKGROUND

Plaintiff alleges as follows in his motions for a temporary restraining order and preliminary injunction:

Plaintiff was housed in Unit 1 at Northern Nevada Correctional Center ("NNCC"). Unit 1 is the resist and reframe program for inmates aged 50 and over. Plaintiff has PTSD and bipolar disorder. Plaintiff alleges that he has been in "grave risk since entering NNCC yard in March 2020."He states that NDOC officials are not providing hand sanitizer, masks for inmates,  and are not implementing proper social distancing at meal service, feeding 200 inmates at a time. He further alleges that inmates are sleeping less than three feet apart. Plaintiff had a parole hearing originally scheduled for July 2020, but this has been rescheduled to August 12, 2020.

On June 9, 2020 he found out that a caseworker tested positive for the coronavirus. His unit was placed on quarantine after 3 to 5 days, and the unit was given tests for the novel coronavirus. However neither the plaintiff nor the rest of Unit 1 inmates were given masks, daily temperature checks, or hand sanitizer. They also were not given instructions on what to do if they had symptoms of COVID-19.

Plaintiff was then transported without a mask with 8 other inmates on  a van to Southern Desert Correctional Center ("SDCC"). Plaintiff has since been recovering in Unit 6 at SDCC and has been quarantined for COVID-19. The unit phones and showers are not being sanitized daily. Plaintiff now requests that this Court  convene a three-judge panel and grant his release.

**IV.     LEGAL STANDARD**

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

 A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff

must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**V.      DISCUSSION**

The Court denies the motion. The only injunctive relief that Plaintiff seeks is that the Court convene a three-judge panel pursuant to the Prison Litigation Reform Act ("PRLA") and order his release. Under the PRLA, a prisoner release order may only be entered by a three-judge court. 18 U.S.C. § 3626(a)(3). In order for a court to convene a three-judge court, the court must have previously entered an order for less intrusive relief that failed to remedy the federal right, and the defendant(s) must have had a reasonable amount of time to comply with the previous court orders. 18 U.S.C. § 3626(a)(3)(A).

The prerequisites of 18 U.S.C. § 3626(a)(3)(A) have not been met. Plaintiff has not previously sought any injunctive relief in this case, and so the Court cannot find that less intrusive injunctive relief had been considered prior to convening a three-judge court. Accordingly, the Court denies the motion.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 9) and Motion for Preliminary Injunction (ECF No. 10) are DENIED.

DATED THIS 3rd day of August, 2020.

_____
**HON. RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**