# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS L. WILLIAMS, | Case No. 3:20-cv-00223-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | Motion for Temporary Restraining Order (ECF No. 15) |
| STATE OF NEVADA, *et. al*, | |
| Defendants. | Motion for Preliminary Injunction (ECF No. 16) |

### I. INTRODUCTION

Before the Court are Plaintiff's Motion for Temporary Restraining Order (ECF No. 15) and Motion for Preliminary Injunction (ECF No. 16). For the following reasons, the Court denies both motions.

### II. PROCEDURAL BACKGROUND

Plaintiff, who is currently incarcerated and under the custody of the Nevada Department of Corrections, ("NDOC") filed his complaint and application to proceed in forma pauperis on April 9, 2020. ECF No. 1. The Court screened Plaintiff's first amended complaint on July 15, 2020. ECF No. 7. The Court denied his motions for temporary restraining order and motion for preliminary injunction on August 3, 2020. ECF Nos., 9, 10, 14. Plaintiff filed his second amended complaint on August 3, 2020. ECF No. 11. Plaintiff filed the instant Motion for Temporary Restraining Order (ECF No. 15) and Motion for Preliminary Injunction (ECF No. 16) on November 16, 2020.

### III. FACTUAL BACKGROUND

Plaintiff alleges as follows in his motions for a temporary restraining order and preliminary injunction:

Plaintiff was hired in SPCC Culinary on July 26, 2020 and as a result, receives 10 days a

1    month work time credits deducted from his sentence and applied to his parole eligibility date. On
2    October 30, 2020, he and inmates from other units were quarantined because of possible COVID-
3    19 exposure from an ill correctional officer. Plaintiff's caseworker told Plaintiff that if he does not
4    work in November, Plaintiff cannot lose or earn work time credits.

5    　　　Plaintiff brings this Motion for a Temporary Restraining Order and Motion for Preliminary
6    Injunction because he argues that due to the negligence of the warden responsible for his yard,
7    Plaintiff was injured because he lost work-time credits since he cannot work during quarantine.

8    **IV.    LEGAL STANDARD**

9    　　　The analysis for a temporary restraining order is "substantially identical" to that of a
10   preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d
11   832, 839 n.7 (9th Cir. 2001).

12   　　　A preliminary injunction is "an extraordinary remedy that may only be awarded upon a
13   clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,
14   555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements:
15   "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm
16   in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the
17   public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d
18   1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A
19   preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies
20   v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine
21   post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by
22   demonstrating "that serious questions going to the merits were raised and the balance of hardships
23   tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35
24   (citation omitted).

25   　　　The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with
26   respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no
27   further than necessary to correct the harm the court finds requires preliminary relief, and be the
28   least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

## V. DISCUSSION

The Court finds that Plaintiff cannot meet his burden to show that he is entitled to a preliminary injunction or temporary restraining order.

The new motion is not based on allegations in the complaint, which are conditions of confinement claims against various NDOC staff. The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Further, prisoners generally do not have a liberty interest in having a job or earning work time credits. See Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986). Therefore, Plaintiff does not establish likelihood of success on the merits. Other than saying that "Plaintiff has already suffered irreparable [liberty interest] by losing his 10 days a month in work time credit that would otherwise be deducted from his sentence by being placed [in] quarantine for the prison's negligence," Plaintiff fails to sufficiently allege how he will likely suffer irreparable harm in the absence of preliminary relief, what preliminary relief Plaintiffs seeks, how the balance of equities tip in his favor, and how the public interest favors an injunction. ECF Nos. 15, 16 at 4.

## VI. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order (ECF No. 15) and Motion for Preliminary Injunction (ECF No. 16) are DENIED.

DATED: February 9, 2021

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**